AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
September 04, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 4:18-mj-1379 |
| Belinda Rios ) | |
| *Defendant* ) | |

# ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the

defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☒ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence
☒ Lack of financially responsible sureties

☒ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On September 4, 2018, the Court held a hearing to determine whether Defendant should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f).  Assistant United States Attorney Ed Gallagher appeared on behalf of the United States (the "Government"); Trent Gathier appeared on behalf of Defendant Belinda Rios.

EVIDENCE PRESENTED

The Government's Evidence Shows Defendant Is A Danger To The Community and A Flight Risk

The Defendant is charged in a Criminal Complaint with conspiracy to possess with intent to distribute a controlled substance, specifically 50 grams or more of a mixture of substance containing methamphetamine ("meth"), a Schedule II controlled substance. The Government offered testimony from a Houston Police Officer who is assigned to the Drug Enforcement Administration Task Force ("Officer"). The Court found his testimony to be credible. Officer testified to the following:

1. On August 23, 2018, Defendant was arrested in Fayette County, Texas, traveling from California to Houston. In the car in which she was traveling as a passenger was 7.75 kilograms of meth. Defendant was traveling with co-Defendant Marco Felix Ruiz-Soria.

2. Leading up to this arrest, Officer received a tip about a drug dealer in Mexico looking to sell large quantities of meth, in Houston in particular. Officer called the number the confidential source provided and spoke to Cocho. They discussed the purchase of meth. Cocho referred Officer to Juan Francisco, who arranged a transaction. They agreed to a purchase of approximately 5 kilograms at $6,500 per kilogram. Juan Francisco told Officer that a woman would be delivering the meth from California. Ultimately, he provided Officer's number to that woman and she contacted Officer while on route from California to Houston.

3. Officer did a trace on the phone number and identified Belinda Rios as the owner of the cell phone. She resided in California, but owned no property there or any car. She did not have a driver's license. He obtained her address and date of birth.

4. Officer arranged to meet Defendant in Schulenburg, Fayette County, Texas for the purchase. He confirmed on the telephone that Defendant was in possession of the goods, that they were accessible without the use of tools, they were not in a hidden compartment, and that she could put them in a bag for him.

5. Officer contacted the Fayette County Sheriff to inform him that a black Malibu with California license plates would be driving through on I-10. He asked the Sheriff to be on the look-out for the car that was on its way to Houston carrying meth. He asked that the Sheriff see if there was any traffic infractions to create probable cause to stop the car.

6. A Fayette County Sargent spotted the car, saw it engage in unsafe driving, and pulled it over. He identified the

driver as Ruiz-Soria and Defendant as the passenger. Because they were both extremely nervous, the Sargent interviewed them separately. They had conflicting stories of where they were going and had been. They consented to a search of the car. A K-9 search alerted to drugs. A small purse with a pipe and meth were found under the passenger seat. A search of the trunk revealed a suitcase with what turned out to be 7.75 kilograms of meth.  In Defendant's possessions, Sargent found a California identification card and two Mexican consulate cards with Defendant's picture but different names, neither one of them hers.

7. Defendant admitted that she had travelled from California to Houston. Ruiz-Soria also made the same admission.

8. Rios consented to a search of her cell phone. There was a text messages from Defendant to Officer. In Ruiz-Soria's phone there were text messages with Edy M, who Ruiz-Soria said had provided the car. The car was registered to Martin Eduardo. Officer believes that Martin Eduardo is Edy M. Ruiz-Soria said that the suitcase in the trunk was in the car when Edy M gave it to him. The text messages referenced what Officer described as the delivery of the drugs in the car. Rios admitted to knowing Edy M and Ruiz-Soria. She said that she had been friends with them for one to two years and they went to casinos together.

9. Officer also established that Defendant has no property, no legitimate employment, no source of income, no ties to the Southern District of Texas, no property registered in her name, and was in possession of two Mexican consul issued id cards that were apparently fraudulent. Defendant lives in California. Defendant admitted to using meth on the day of her arrest and has admitted that she uses meth. Defendant has a criminal history that includes felony convictions for credit card fraud, possession of 10 or more persons identities, and burgulary. She has been charged with failing to appear in court, but the disposition of that charge was unknown at the time of the hearing. The Pre-trial Service backgound report indicated that she had a probation violation resulting in revocation of her release, but the record was not entirely clear. At the time of her arrest, she may have been out on probation because her last conviction in April 2013 for credit card fraud, burgulary and grand theft resulted in a sentence for 78 months, which had not yet passed.


On cross-examination, Defendant established:

1. Defendant is a U.S. citizen.

2. The car was not registered to Defendant and she has no driver's license.

3. Officer had no information directly linking Defendant to Concho or Juan Francisco. However, with respect to Juan Francisco, he told Officer that a woman would be transporting the drugs from California and that she would call him on his cell. Ultimately that is what happened.

4. At the time of Defendant's arrest, she was cooperative.

Defendant also proferred as follows: Her mother and sister were in court and willing to  supervise her, although apparently neither qualified as surety. She lived in California her entire life. She has no contacts anywhere else. Defendant has a number of medical issues for which she is on medication.

Based on the charges in the Criminal Complaint, the evidence presented at the hearing, and the information in the Pretrial Services Agency report, the Court concludes as follows:

(1) The charges and the evidence presented establish that the Defendant committed the offense with which she is charged, namely: conspiracy to possess with the intent to distribute more than 50 grams of meth, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A)(viii).

(2) Pursuant to 18 U.S.C. § 3142(e)(3)(A), this creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance as required.

(3)     In addition to the presumption, the Government established by a preponderance of the evidence that the Defendant is a flight risk because she has no legitimate employment, has no property registered in her name, and has no ties to the Southern District of Texas. She admitted to meth use. She is a convicted felon. She was in possession of false identification. There is some indication that she previously failed to appear in court and violated her probation on other charges. The penalty range for the charges at issue is for jail time of more than 10 years, which impacts her risk of flight. In addition to the presumption, the Government established by clear and convincing evidence that the Defendant is dangerous because she was involved in drug trafficking. She was in possession of 7.75 kilograms of meth at the time arrested.

(4)     Defendant has not rebutted the presumption that she is a flight risk or a danger to the community.

(5)     Thus, the Court finds that the Defendant is a flight risk and a danger to the community such that it cannot safely release her on bond.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:          09/04/2018                                                            _Dena Palermo_
                                                                                              United States Magistrate Judge